# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAVID ALLEN HIXON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12-CV-1288-DGK-SSA |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER REMANDING CASE TO COMMISSIONER

Plaintiff David Allen Hixon ("Hixon") seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.* The Administrative Law Judge ("ALJ") found that although Hixon had severe impairments of degenerative disk disease and a history of shoulder dislocation and ankle fracture, Hixon retained the residual functional capacity ("RFC") to perform sedentary work with a variety of restrictions. After hearing testimony from a vocational expert ("VE"), the ALJ found Hixon could perform work as a circuit board assembler and laminator. Because the ALJ failed to discuss the Missouri Department of Social Services determination finding Plaintiff permanently and totally disabled, this case must be remanded to the Commissioner for further consideration.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on March 10, 2010, alleging a disability onset date of December 15, 2008. The Commissioner denied his applications at the

initial claim level, and Plaintiff appealed the denial to an ALJ. On October 28, 2010, the ALJ held a hearing and on June 29, 2011, issued his decision holding Plaintiff was not disabled as defined in the Act. On August 20, 2012, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the

Commissioner follows a five-step sequential evaluation process.[1]  Plaintiff raises four arguments. Because Plaintiff's first argument requires remand, the Court will not consider the others.

**A.      The ALJ erred in failing to discuss the Missouri Department of Social Services disability determination.**

In a decision issued November 3, 2010, the Missouri Department of Social Services found that Hixon had severe impairments which rendered him permanently and totally disabled, thus he was eligible for Missouri HealthNet for the Aged, Blind, and Disabled (MHABD) benefits.  Although this disability determination is not binding on the ALJ, 20 C.F.R. § 404.1504, the ALJ is required to consider and discuss a finding of disability by another governmental or non-governmental agency in the decision.  SSR 06-03p; *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) (holding that "even though another agency's determination that a claimant is disabled is not binding on SSA . . . the ALJ must evaluate it as any other piece of evidence and discuss it in the decision.")  The Court also notes that in several recent decisions in analogous cases, other judges in this district have ordered remand where, among other errors, the ALJ failed to discuss and consider a similar finding by the Missouri Department of Social Services.  *See*, *e.g.*, *Coleman v. Astrue*, No. 4:11-CV-01237-GAF, slip op. at 5 (W.D. Mo. Jan. 4, 2013); *Sass v. Astrue*, No. 4:11-CV-1015-FJG, slip op. at 2 (W.D. Mo. Feb. 28, 2013).

---

[1] The five-step process is as follows:  First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity.  If so, he is not disabled; if not, the inquiry continues.  At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments.  If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled.  At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520.  If so, the applicant is considered disabled; if not, the inquiry continues.  At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work.  If so, the applicant is not disabled; if not, the inquiry continues.  At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work.  20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).  Through step four of the analysis the claimant bears the burden of showing that he is disabled.  *King*, 564 F.3d at 979 n.2.  After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Id.*

In the present case, the ALJ's decision is silent as to the state agency's determination. Although the Commissioner is correct that the state agency opinion may be of limited value because it is fairly conclusory, cites to few medical records, and makes no finding concerning Hixon's RFC, the Court cannot dismiss the ALJ's failure to discuss the state agency determination as a mere deficiency in opinion writing technique. Since the state agency utilizes an almost identically worded standard to determine disability, the decision must be considered. But because the ALJ did not even mention this determination in his decision, the Court cannot tell if the ALJ knew of its existence.

Because the ALJ failed to discuss a potentially dispositive issue in his opinion, this case must be remanded to the Commissioner for further proceedings.

## Conclusion

For the reasons discussed above, the Court REMANDS this case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Date:      December 11, 2013                      /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT